UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-14682 |
| | ) | |
| Romie Middleton-Jackson, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

**OBJECTION TO CHAPTER 13 PLAN FILED ON MAY 22, 2019**

Now comes U.S. Bank Trust National Association, as Trustee of the Tiki Series III Trust ("Movant") by and through its attorneys, Eric Feldman & Associates, P.C., and hereby moves this Honorable Court pursuant to 11 U.S.C. § 3015, for an order denying confirmation of Debtor's Chapter 13 plan filed on May 22, 2019, and in support thereof states as follows:

1. Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code on May 22, 2019.

2. Also on May 22, 2019, Debtor filed a Chapter 13 plan (the "Debtor's Plan"). A copy of Debtor's Plan is attached hereto and marked as Exhibit A.

3. Movant filed a proof of claim in this case secured by an interest in the real property commonly known as 2052 N. Newland St., Elmwood Park, IL 60707.

4. In the Debtor's Plan, Debtor states the arrearage amount to cure payments on Movant's secured claim is $35,000.00.

5. The Debtor's Plan incorrectly states the arrearage amount due to Movant necessary to cure payments on Movant's secured claim.

6. The correct arrearage amount to cure payments on Movant's secured claim is $55,638.31. A copy of the June 10, 2019 Reinstatement letter from Movant is attached hereto and marked as Exhibit B.

7. There are sufficient grounds for denial of Debtor's Plan under 11 U.S.C. § 1322(b) because Debtor fails to state Movant's correct arrearage claim amount in full.

WHEREFORE, U.S. Bank Trust National Association, as Trustee of the Tiki Series III Trust prays that this Court deny Debtor's Plan described above to Movant, and for such other relief as the Court deems proper.

Respectfully Submitted,

Eric Feldman & Associates, P.C.

By: /s/ Eric Feldman

Eric Feldman
Eric Feldman & Associates, P.C.
123 West Madison Street, Suite 1650
Chicago, IL  60602
Telephone:  312.344.3529
ARDC No. 6277456

# Exhibit A

Fill in this information to identify your case:

Debtor 1: Romie Middleton-Jackson
(First Name  Middle Name  Last Name)

Debtor 2:
(Spouse, if filing) First Name  Middle Name  Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number:
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$700** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor    Romie Middleton-Jackson                              Case number

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- [ ] Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $25,200.00.

## Part 3:  Treatment of Secured Claims

**3.1   Maintenance of payments and cure of default, if any.**

*Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [x] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Chase Home Finance LLC | 2052 N Newland Ave Elmwood Park, IL 60707 Cook County | $1,650.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | Prepetition: $35,000.00 | 0.00% | | $35,000.00 |

*Insert additional claims as needed.*

3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3   Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4   Lien avoidance.

*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   Surrender of collateral.

*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:  Treatment of Fees and Priority Claims

Official Form 113                           Chapter 13 Plan                                Page 2

| Debtor | Romie Middleton-Jackson | Case number | |
|---|---|---|---|

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**2,520.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

Check one.
[✓] None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.
[✓] None. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

[ ] The sum of $ .
[✓] **100.00** % of the total amount of these claims, an estimated payment of $ **0.00** .
[✓] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

[✓] None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

[✓] None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

[✓] None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
[ ] plan confirmation.
[✓] entry of discharge.

Official Form 113                                       Chapter 13 Plan                                       Page 3
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                       Best Case Bankruptcy

Document   Page 4 of 5

Debtor   Romie Middleton-Jackson                           Case number

☐ other:

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  /s/ Romie Middleton-Jackson                     X
   Romie Middleton-Jackson                            Signature of Debtor 2
   Signature of Debtor 1

   Executed on  **May 21, 2019**                      Executed on

X  /s/ David M. Siegel                              Date  **May 21, 2019**
   David M. Siegel
   Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Debtor    Romie Middleton-Jackson                                        Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $35,000.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $0.00 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $6,520.00 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $0.00 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |
| | Total of lines a through j | $41,520.00 |

# Exhibit B

323 Fifth Street, P O Box 35, Eureka, CA 95501



# SN Servicing Corporation

## REINSTATEMENT LETTER

| To: | Christopher Bideaux | From: | Payoff Department |
|---|---|---|---|
| | | Pages: | |
| Fax: | | Date: | 06/10/19 |
| Re: | 283118 Middleton | CC: | |

**Good to 05/22/19**

| | | | | |
|---|---|---|---|---|
| 7 | PAYMENTS DUE 08/01/2016-02/01/2017 | | $661.00 | 4,627.00 |
| 12 | PAYMENTS DUE 03/01/2017-02/01/2018 | | $767.92 | 9,215.04 |
| 15 | PAYMENT DUE 03/01/2018-05/01/2019 | | $866.25 | 12,993.75 |
| | ESCROW DEFICIENCY FOR FUNDS ADVANCED | | | 25,803.76 |
| | PROJECTED ESCROW SHORTAGE | | | 634.84 |
| | NSF FEES | | | 50.00 |
| | ATTORNEYS FEES | | | 1,000.00 |
| | LEGAL EXPENSES | | | 181.00 |
| | LATE CHARGES | | | 433.10 |
| | FORECLOSURE EXPENSES | | | 875.00 |
| | OWED TO BORROWER | (unapplied) | | -175.18 |
| | **REINSTATEMENT TOTAL** | | | **$55,638.31** |

The following figures are subject to final verification by the note holder. The mortgagee reserves the right to withhold the issuance of the satisfaction of mortgage until all funds due are received by our office.

**PAY OFF INSTRUCTIONS/INFORMATION:**

- Pay off figures are subject to change so please call **800-603-0836** to update these figures prior to remitting funds.
- Funds received after 12:00 noon will be processed on the next business day and interest will be charged through that date.
- All pay off figures are subject to clearance of funds in transit. The pay off is subject to final audit when presented.
- Please provide the borrower's forwarding address so any overpayment or refund can be directly mailed to the borrower.
- We will prepare the release of our interest in the property after all funds have cleared.

**REMITTANCE INFORMATION:**

Make checks payable to: Tiki Series III Trust

Mailing Address:
SN Servicing Corporation
Tiki Series III Trust
PO BOX 660820
DALLAS, TX 75266-0820

Express Mail Address:
Bank of Texas
c/o Remittance Services, Dept 41548
2250 W State Hwy 114
Grapevine, TX 76051

Wiring Instructions: Tiki Series III Trust, Bank of Texas, ACCT #8095283520, ABA #111014325